ANTHONY ANDRIOLA, PLAINTIFF, v.
HUDSON COUNTY PENSION FUND, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 5, 1976.

*Mr. Jeffrey P. Weinstein* for plaintiff (*Messrs. Russell & McAlevy,* attorneys).

*Mr. Francis P. Morley,* Assistant County Counsel, for defendant (*Mr. Harold J. Ruvoldt, Jr.,* Hudson County Counsel, attorney).

GERONIMO, J. S. C. The undisputed facts as they appear from the pleadings and stipulations may be simply stated. Plaintiff Anthony Andriola was an employee of the County of Hudson from January 11, 1965 through November 18th, 1971, during which period he was a contributing member of defendant Hudson County Pension Fund. The termination of his employment resulted from a plea of guilty to the charges of conspiracy and misconduct in office.

On November 19, 1971 plaintiff declared his intention to withdraw from the Fund and requested the return of all contributions made thereto pursuant to *N. J. S. A.* 43:10–8, which application was denied. Plaintiff's total contribution to the Fund amounted to $2,882.68.

In October 1975 plaintiff instituted this action in lieu of prerogative writs to compel defendant to return all monies paid into the Fund, together with interest and costs. Plaintiff now moves for summary judgment.

The legal question presented is whether plaintiff is entitled to the return of his contributions to the Fund under *N. J. S. A.* 43:10–8, which provides in pertinent part:

Any employee entering the fund may at any time thereafter withdraw therefrom and shall be entitled to a refund of the moneys theretofore deducted from his salary hereunder * * *.

Defendant contends plaintiff's employment was terminated by operation of law pursuant to *N. J. S. A.* 2A:135–9 at the very instant of his guilty plea on November 18, 1971. *N. J. S. A.* 2A:135–9 provides:

Any person holding an office or position, elective or appointive, under the government of this state or of any agency or political subdivision thereof, who is convicted upon, or pleads guilty, non vult or nolo contendere to, an indictment, accusation or complaint

charging him with the commission of a misdemeanor or high misdemeanor touching the administration of his office or position, or which involves moral turpitude, shall forfeit his office or position and cease to hold it from the date of his conviction or entry of plea.

If the conviction of such officer be reversed, he shall be restored to his office or position with all the rights and emoluments thereof from the date of the forfeiture.

Consequently, it is the position of the Fund that plaintiff was not an employee of the county at the time he attempted to withdraw the monies and therefore could not qualify under *N. J. S. A.* 43 :10–8. Defendant further contends that where the crime specifically touches upon the duties of the office held by the employee, he would not be entitled to the benefits of the Fund nor the return of contributions deducted from his salary during his period of membership.

Plaintiff contends he is entitled to the return of his contributions to the Fund under *N. J. S. A.* 43 :10–8 regardless of whether his employment terminated before or after his demand for return of contributions, and regardless of whether termination of employment resulted from a conviction touching upon his office.

■ All public employee pension funds within this State are created by the Legislature. It is well settled that the Legislature may or may not provide for the return of employee contributions upon termination of employment. In *Spina v. Consolidated Police, etc., Pension Fund Comm.*, 41 *N. J.* 391 (1964), the court stated that

* * * as to the employee's contribution, it seems to be a sum already earned. Yet it is earned with a string, for it must go into the fund and in fact is deducted from the ostensible total pay. Moreover, the Legislature need not provide that contributions must be returned upon cessation of employment; it may direct that it be retained for the common benefit of all.

The Supreme Court of the United States has held that compulsory contributions are in effect but a reduction in salary

that never in fact became the property of the employee. *Pennie v. Reis,* 132 *U. S.* 464, 10 *S. Ct.* 149, 33 *L. Ed.* 426 (1889). *Spina, supra,* further holds (41 *N. J.* at 402) that an employee's contribution "even though taken from his pay, is something he never had in hand and could not insist upon receiving." Therefore, an employee has no rights except those based upon and within the pertinent statutory provision governing his particular pension fund. The right to a return of contributions exists only where so provided by statute. *Feher v. Bd. of Trustees, Pub. Emp. Retire. System,* 68 *N. J. Super.* 391 (App. Div. 1961) ; *Plunkett v. Hoboken Bd. of Pension Com.,* 113 *N. J. L.* 230 (Sup. Ct. 1934), aff'd 114 *N. J. L.* 273 (E. & A. 1935) ; *Matthews v. Irvington Bd. of Ed.,* 31 *N. J. Super.* 292, 296–297 (App. Div. 1954).

After a review of a number of public pension plans, it is apparent that in some instances the Legislature has in fact provided for the return of contributions. *N. J. S. A.* 43:16A–11 of the Police and Fireman's Retirement System provides in pertinent part:

If a member should cease to be a fireman or policeman, except by death or retirement as provided by this act, he shall be paid the amount of his aggregate contributions less any outstanding loan upon the filing of a written application as required by the retirement system * * *.

Similarly, under *N. J. S. A.* 43:15A–41(a) of the Public Employee's Retirement System of New Jersey "a member who withdraws from service or *ceases to be an employee for any cause* other than death or retirement shall upon filing of an application therefor, receive all of his accumulated deductions standing to the credit of his individual account * * *" (emphasis supplied). See also, *N. J. S. A.* 53:5A–26 (State Police Retirement System) ; *N. J. S. A.* 18A:66–34 (Teachers' Pension & Annuity Fund), and *N. J. S. A.* 43:7–15 (Prison Officers' Pension Fund), all providing for the return of contributions. Therefore, where the Legislature intended

to allow refunds from pension funds it has made specific provisions for such refunds. *McFeely v. Hoboken Pension Com.*, 8 *N. J. Super.* 575 (Law Div. 1950).

In the present case the Legislature has so provided for a refund of moneys deducted from an employee's salary. The question remains whether this plaintiff is entitled to a refund upon his withdrawal from the Fund in view of his guilty plea and termination of employment.

Pursuant to *N. J. S. A.* 2A:135-9 plaintiff's employment was terminated by operation of law at the very instant of his guilty plea on November 18, 1971. On November 19, 1971 plaintiff made application for the return of moneys contributed to the Fund.

The Fund claims a literal reading of *N. J. S. A.* 43:10-8 required plaintiff to be an employee of the county at the time application for withdrawal of funds was made. This is not a proper interpretation of the legislative intent. *N. J. S. A.* 43:10-8 in pertinent part reads as follows:

> Any employee entering the fund may at any time thereafter withdraw therefrom and shall be entitled to a refund of the moneys theretofore deducted from his salary hereunder * * *".

Defendant asserts that only an "employee * * * may at any time thereafter withdraw therefrom * * *."

*N. J. S. A.* 43:10-1 defines "employee" to "mean and include all employees and officers in service in any county * * *." Therefore, if the court were to adopt the interpretation urged by defendant, a member of the Fund who prematurely retires from the fund for any legitimate reason would not be entitled to a return for he would no longer be an "in service" employee entitled to make application. This construction would defeat the true purpose of the statute. Legislative language is not to be given strict or literal meaning when it is apparent that such meaning was not intended. *Dodd v. Copeland*, 99 *N. J. Super.* 481, aff'd 52 *N. J.* 537 (1968); *New Jersey State Bd. of Architects v. Armstrong*, 89 *N. J. Super.* 358 (App. Div. 1965).

■ Defendant further argues that since plaintiff's employment was terminated after a plea to criminal charges touching upon his office, this fact in itself should bar recovery. Defendant cites *Ballunio v. Castellini,* 27 *N. J. Super.* 113 (Law Div. 1953), *and Walter v. Trenton Police and Fire Pension Comm.,* 120 *N. J. L.* 39 (Sup. Ct. 1938), to support its theory. However, both cases involve a claim to pension benefits. Here, plaintiff only seeks to be reimbursed for the monies deducted from his salary during the term of his employment. Honorable service is not a condition precedent to a return of contributions under *N. J. S. A.* 43:10–1 *et seq.,* nor can it be implied. Therefore, this argument lacks merit.

■ Finally, plaintiff seeks legal interest from the date application was made for the return of moneys or in the alternative from the date complaint was filed. Generally, the law will impose a duty to pay interest on moneys withheld from the time of its wrongful detention. *Consolidated Police & Firemen's Pension Fund Comm. v. Passaic,* 23 *N. J.* 645 (1957). However, unless provided for by statute, interest is not payable as damages for improper withholding of funds by a governmental agency. *Universal C. I. T. Credit Corp. v. Paramus,* 93 *N. J. Super.* 28 (App. Div. 1966). There is no such statutory authority for its allowance under *N. J. S. A.* 43:10–1 *et seq.* Therefore an award of interest to plaintiff is not warranted.

Plaintiff's motion for summary judgment is granted.